UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:17-mc-31-T-27AEP

*******************************************
NATIONAL LABOR RELATIONS BOARD, *
*
Applicant *
*
v. *
*
*
TARA JACKSON, *
*
Respondent *
*
*
*******************************************

## APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA AD TESTIFICANDUM AND MEMORANDUM OF LAW IN SUPPORT THEREOF

## APPLICATION

The National Labor Relations Board (the Board), by its General Counsel, and by David Cohen, Regional Attorney for Region 12 of the Board (Region 12), respectfully applies to this Honorable Court, pursuant to Section 11(2) of the National Labor Relations Act, for an order requiring Respondent Tara Jackson, referred to herein as Respondent, to obey the subpoena ad testificandum issued by the Board and duly served upon the Respondent in the manner provided by law. The subpoena seeks evidence that is relevant to the investigation of an unfair labor practice charge before the Board. In support of this application, upon information and belief, the Board respectfully shows as follows:

W.V.

1. Applicant is an administrative agency of the Federal Government, created by the National Labor Relations Act, herein called the Act, 29 U.S.C. §151 et seq., and is empowered and directed to administer the provisions of the Act, including the investigation of unfair labor practices alleging violations of Section 8 of the Act, 29 U.S.C. §158.

2. Checkers Drive-In Restaurants, Inc., herein called the Employer, is an employer engaged in interstate commerce within the meaning of Section 2(6) and (7) of the Act, 29 U.S.C. §152(6) and (7).

3. Respondent is a former employee of the Employer within the meaning of Section 2(3) of the Act, 29 U.S.C. § 152(3).

4. Jurisdiction is conferred on this Court by Section 11(2) of the Act, 29 U.S.C. §161(2), giving the District Courts jurisdiction to issue orders, upon application of the Board, to enforce subpoenas issued by the Board.

5. Jurisdiction is also conferred on this Court by 28 U.S.C. §1337, giving the District Courts original jurisdiction "of all suits and proceedings under any law regulating commerce," without regard to citizenship of the parties or the sum or value in controversy.

6. The Employer's work location involved in this proceeding is at its facility located at 2820 Martin Luther King Blvd. in Tampa, Florida, herein "the Tampa, Florida facility," within this judicial district, where the Employer operates a "quick service" restaurant to the public.

7. This application arises as a result of the investigation of an unfair labor practice charge filed against the Employer, alleging that the Employer engaged in violations of the Act. The charge was filed and is being investigated pursuant to Sections 3(d) and 10(b) of the Act, 29 U.S.C. § 153(d) and 29 U.S.C. §160(b), respectively; Sections 102.9 and 102.10 of the Board's Rules and Regulations, 29 C.F.R. § 102.9 and 29 C.F.R. § 102.10, respectively; and Sections

101.2 and 101.4 of the Board's Statement of Procedures, 29 C.F.R. § 101.2 and § 101.4, respectively.

8. In furtherance of the broad Congressional purpose set forth in Section 1(b) of the Act, 29 U.S.C. § 151(b), of promoting the full flow of commerce, Section 10(b) of the Act, 29 U.S.C.§ 160(b) provides that whenever it is charged that any person has engaged in or is engaging in any unfair labor practice, the Board, or any agent designated by the Board for such purposes, has the authority to issue and cause to be served upon such person a complaint stating the charges and directing a hearing before the Board.

9. Section 3(d) of the Act, 29 U.S.C. §153(d), authorizes the General Counsel of the Board to conduct investigations of unfair labor practice charges and to issue complaints under Section 10 of the Act.

10. Sections 102.9 and 102.10 of the Board's Rules and Regulations, 29 C.F.R. § 102.9 and § 102.10, provide that an unfair labor practice charge may be filed by any person, with the Regional Director for the Region of the Board in which the alleged unfair labor practice has occurred or is occurring.

11. Sections 101.2 and 101.4 of the Board's Statement of Procedures, 29 C.F.R. § 101.2 and § 101.4, set forth procedures for the initiation of unfair labor practice charges and the investigation of unfair labor practice charges by the Regional Office in which the alleged violation of the Act has occurred or is occurring.

12. On June 29, 2016, August 8, 2016, and August 30, 2016, Southern Workers Organizing Committee filed an unfair labor practice charge, an amended charge, and a second amended charge, respectively, with the Board's Region 12 office in Tampa, Florida. The Employer's work location described above in paragraph 6 is within the jurisdiction of the

Board's Region 12 office. The second amended charge alleges that the Employer, acting through its agents and representatives, violated Section 8(a)(1) and 8(a)(3) of the Act, 29 U.S.C. §158(a)(1) and (3), within six months prior to June 29, 2016, by discharging employee Shaneeka Rainer in retaliation for her having engaged in protected concerted activity and/or in order to discourage protected concerted activity, and by instructing employees not to talk about the terms and conditions of their employment.

13. The proceeding instituted by the unfair labor practice charge described above in paragraph 12 is known in the records of the Board as Case 12-CA-179371. A copy of the unfair labor practice charge and the amendments thereto in Case 12-CA-179371 are attached hereto as Exhibits A, B , and C, respectively.

14. The investigation of the charge in Case 12-CA-179371 to date has revealed that the Respondent herein has knowledge and information that are relevant to the investigation, and which will materially aid the Regional Director for Region 12 of the Board in making her administrative determination as to whether or not the charge has merit.

15. After Respondent failed to voluntarily cooperate with the request of an agent of Region 12 of the Board to provide Region 12 with testimonial evidence relevant to the investigation of Case 12-CA-179371, on February 17, 2017, the Regional Director for Region 12 of the Board caused subpoena ad testificandum no. A-1-VGPMHF to be served upon the Respondent pursuant to Section 11(1) of the Act, 29 U.S.C. §161(1), directing Respondent to appear and testify before a Board agent at the Board's Region 12 office at 10:00 a.m. on February 28, 2017. A copy of subpoena ad testificandum no. A-1-VGPMHF is attached hereto as Exhibit D.

16. Respondent was served with the subpoena ad testificandum described above in paragraph 15 on or about February 21, 2017, by certified mail. Copies of the certified mail receipt, certified mail return receipt (green card), and USPS Tracking Confirmation no. 7015 0640 0002 0640 5015 proving service of that subpoena ad testificandum are attached hereto as Exhibits E and F, respectively.

17. Section 11(1) of the Act, 29 U.S.C. § 161(1) and Section 102.31(b) of the Board's Rules and Regulations, 29 C.F.R. §102.31(b), provide for a period of five days after receipt of a subpoena within which any person served with the subpoena may petition the Board in writing to revoke the subpoena. The subpoena ad testificandum, described above in paragraph 15, contains language advising Respondent of her right to petition to revoke the subpoena. Respondent has not filed a petition to revoke the subpoena, and the time for filing a petition to revoke the subpoena has passed.

18. Respondent contacted a Board agent on February 28, 2017, the return date of the subpoena, and informed the Board agent that she would not be able to appear that day as required by the subpoena; however Respondent made alternative arrangements to meet with a Board agent on March 3, 2017, at 2:00 p.m. to give her sworn affidavit. On March 3, 2017, Respondent contacted a Board agent and informed the Board agent that she would not be able to appear that day as the parties had agreed. Respondent requested an extension of time to comply with the subpoena and the parties agreed that Respondent would appear on March 6, 2017, at 2:00 p.m. to give her sworn affidavit. Respondent did not appear on March 6, 2017.

19. Respondent has failed and refused to appear as required by the terms of the subpoena ad testificandum described above in paragraph 15, at 10:00 a.m. on February 28, 2017, or at any time thereafter.

20. Respondent's failure and refusal to comply with the subpoena ad testificandum described above in paragraph 15, constitutes contumacious conduct within the meaning of Section 11(2) of the Act, 29 U.S.C. § 161(2).

21. Respondent's failure and refusal to comply with the subpoena ad testificandum described above in paragraph 15, has impeded, and continues to impede, the Board in investigating the unfair labor practice charge before it in Case 12-CA-179371, and has prevented, and continues to prevent, the Board from investigating the unfair labor practice charge in accordance with the policy set forth in Section 1(b) of the Act, 29 U.S.C. § 151(b), and with the Board's functions and duties specified in Sections 3(d) and 10(b) of the Act, 29 U.S.C. § 153(d) and § 160(b).

WHEREFORE, the Applicant, National Labor Relations Board, respectfully prays:

(a) That an Order to Show Cause issue forthwith directing Respondent to appear before this Court on a date certain to be fixed in said Order, and show cause, if any there be, why an order should not issue directing that: Respondent appear and give sworn testimony before a Board agent at the Board's Region 12 office, 201 E. Kennedy Blvd., Suite 530, Tampa, Florida as required by Board subpoena ad testificandum no. A-1-VGPMHF.

(b) That upon the return of the Order to Show Cause, an Order issue directing that by a date certain to be fixed in said Order: Respondent appear and give sworn testimony before a Board agent at the Board's Region 12 office as required by Board subpoena ad testificandum no. A-1-VGPMHF.

(c) That the Applicant, National Labor Relations Board, be granted such other and further relief as may be necessary and appropriate.

No previous application has been made for the relief sought herein.

# MEMORANDUM OF LAW

## I. THE NATIONAL LABOR RELATIONS ACT AUTHORIZES THE BOARD TO ISSUE SUBPOENAS.

Section 11(1) of the Act, 29 U.S.C. §161(1) sets forth the Board's authority to issue investigative subpoenas. It states:

> Sec. 11. For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10 –
>
> (1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or the matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such purpose, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing.

The courts have long upheld the statutory authority of administrative agencies, including the Board, to issue subpoenas. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208-211 (1946). The Board has investigative subpoena power in aid of pre-complaint investigations of unfair labor practices. *See NLRB v. North Bay Plumbing*, 102 F.3d 1005, 1007-1008 (9th Cir. 1996); *NLRB v. Carolina Food Processors*, 81 F.3d 507, 511 (4th Cir. 1996); *NLRB v. Anchor*

*Rome Mills*, 197 F.2d 447, 449 (5th Cir. 1952).[1] The subpoena involved in this proceeding was issued by the Board and served upon Respondent pursuant to Section 11(1) of the Act, for the purpose of investigating an unfair labor practice charge.

Section 11 of the Act grants to the Board and its agents broad investigatory authority, including the power to subpoena any evidence that relates to any matter under investigation or in question. 29 U.S.C. § 161(1); *see NLRB v. Interstate Material Corp.*, 930 F.2d 4, 6 (7th Cir. 1991); *NLRB v. Steinerfilm, Inc.*, 702 F.2d 14, 15 (1st Cir. 1983). This broad subpoena power enables the Board "to get information from those who best can give it and who are most interested in not doing so." *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950). The subpoenaed testimonial evidence is relevant if it is "not plainly incompetent or irrelevant to any lawful purpose." *Endicott Johnson Corp. v. P*erkins, 317 U.S. 501, 509 (1943); *see also NLRB v. Frederick Cowan & Co., Inc.*, 522 F.2d 26, 28 (2d Cir. 1975).

## II. THE NATIONAL LABOR RELATIONS ACT AUTHORIZES THE COURT TO ENFORCE THE BOARD'S SUBPOENAS.

Section 11(2) of the Act, 29 U.S.C. §161(2) sets forth the Court's authority to enforce the Board's subpoenas. It states:

> Sec. 11. For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10 –
>
> (2) In case of contumacy or refusal to obey a subpoena issued to any person, any United States district court or the United States courts of any Territory or possession, or the District Court of the United States for the District of Columbia, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its

---

[1] *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc)(11th Circuit adopted all former 5th Cir. decisions through September 30, 1981 as binding precedent in the 11th Circuit).

> member, agent, or agency, there to produce the evidence if so ordered, or there to give the testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

This dispute involves the Board's investigation of an unfair labor practice charge against the Employer with respect to work performed at its Tampa, Florida facility. Accordingly, pursuant to Section 11(2) of the Act, this Court has jurisdiction over the dispute, and the authority to enforce the Board's subpoena. *See NLRB v. Alaska Pulp Corp.*, 149 LRRM 2682, 2684 (D.D.C. 1995).

## III. THE BOARD'S SUBPOENAS ARE SUBJECT TO EXTREMELY LIMITED REVIEW.

The Board's subpoena is subject to extremely limited judicial review. A district court is required to uphold a subpoena if the evidence sought relates to a matter under investigation or in question, and if the evidence is described with sufficient particularity. *NLRB v. G.H.R. Energy Corp.*, supra, 707 F.2d at 113.

## IV. THE SUBPOENAED TESTIMONY IS RELEVANT TO THE REGIONAL DIRECTOR'S INVESTIGATION OF THE ALLEGED UNFAIR LABOR PRACTICE CHARGE IN CASE 12-CA-179371 AND THEREFORE RESPONDENT SHOULD BE ORDERED TO OBEY THE SUBPOENA.

Upon information and belief, Respondent, a former employee of the Employer, worked as a crew member and held that position during the time when the Employer is alleged to have violated Section 8(a)(1) and (3) of the National Labor Relations Act by instructing employees not to discuss terms and conditions of their employment, and by discharging employees at its Tampa, Florida facility because of their protected concerted activities. In addition, upon information and belief, Respondent possesses information regarding whether or not the Employer discriminated against employees, as described above, at the Tampa, Florida facility.

Thus, Respondent likely is in possession of relevant information concerning the Employer's alleged unlawful instruction to employees not to discuss terms and conditions of employment and/or the reasons for the alleged unlawful discharge of Shaneeka Rainer.

## V. CONCLUSION

In summary, the Board urges this Court to require Respondent to obey the subpoena. The subpoena seeks evidence that is relevant to the investigation of the unfair labor practice charge before the Board. Respondent was properly served with the subpoena. Respondent failed to petition to revoke the subpoena and has failed and refused to comply with the subpoena. For these reasons, the Applicant respectfully asks this Court to issue an order requiring Respondent's adherence to the subpoena in the manner set forth in the prayer for relief in the Application.

Dated at Tampa, Florida, this 10th day of March, 2017.

NATIONAL LABOR RELATIONS BOARD

John W. Plympton, Field Attorney
Florida Bar Number 0101748
National Labor Relations Board, Region 12
201 E. Kennedy Blvd., Suite 530
Tampa, FL 33602-5824
Telephone No. (813) 228-2665
Facsimile No. (813) 228-2874
john.plympton@nlrb.gov

Caroline A. Leonard, Field Attorney
Massachusetts Bar No. 692343
National Labor Relations Board, Region 12
201 E Kennedy Blvd., Suite 530
Tampa, FL 33602-5824
Telephone No. (813) 228-2662
Facsimile No. (813) 228-2874
caroline.leonard@nlrb.gov

Attorneys for Applicant
National Labor Relations Board